NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 3 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JORGE ALBERTO RAMIREZ-PUENTES, | No. 22-2019 |
| Petitioner, | Agency No. A098-571-240 |
| v. | MEMORANDUM* |
| PAMELA BONDI, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 30, 2025**
Pasadena, California

Before: WARDLAW, FRIEDLAND, and SUNG, Circuit Judges.

Jorge Alberto Ramirez-Puentes ("Ramirez"), a native and citizen of Mexico,

petitions this court for review of the denial by the Board of Immigration Appeals

("BIA") of his motion to reopen removal proceedings. We review the BIA's

denial of a motion to reopen for abuse of discretion. *Singh v. Holder*, 658 F.3d

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

879, 885 (9th Cir. 2011).  We have jurisdiction under 8 U.S.C. § 1252(a).  We deny Ramirez's petition for review.

The Department of Homeland Security ("DHS") issued Ramirez a Notice to Appear ("NTA") in October 2015.  The NTA was defective in that it did not include the "time . . . at which the proceedings will be held," as required by 8 U.S.C. § 1229(a)(1)(G)(i).  Nonetheless, the immigration court issued hearing notices, with which Ramirez complied.[1]  He appeared with counsel at the merits hearing on his claims for withholding of removal and Convention Against Torture relief on July 13, 2018.  At that hearing, Ramirez moved for termination of proceedings for lack of jurisdiction based on the defect in the NTA.  The Immigration Judge ("IJ") denied Ramirez's motion to terminate, denied his applications for relief, and issued a removal order.  Ramirez's removal order became final on July 27, 2020, when the BIA dismissed his appeal on the merits and on his jurisdictional claim.  8 C.F.R. § 1241.1.  We granted the Government's motion for summary dismissal of his petition for review, citing *Karingithi v. Whitaker*, 913 F.3d 1158, 1160–62 (9th Cir. 2019) (rejecting the contention that the lack of hearing information in an NTA deprived the immigration court of

---

[1]     Although the Supreme Court later held that this procedure was inadequate to remedy a defective NTA, *Niz-Chavez v. Garland*, 593 U.S. 155, 161 (2021), at the time we considered it proper, *Popa v. Holder*, 571 F.3d 890, 894–95 (9th Cir. 2009).

jurisdiction).  Order, *Ramirez-Puentes v. Garland*, No. 20-72406 (9th Cir. Feb. 28, 2022), ECF No. 24.

On September 21, 2022, Ramirez asked the BIA to reopen his case, primarily based on *Matter of Fernandes*, 28 I. & N. Dec. 605, 607–08 (B.I.A. 2022) (holding that the statutory requirements for an NTA state a non-jurisdictional but mandatory claim-processing rule).  In his motion, Ramirez argued that because he "timely" objected to the lack of date and time in his NTA, *Fernandes* required that the BIA remand his case to the immigration court to terminate proceedings, under jurisdictional, and for the first time, claim-processing principles.  The BIA denied the motion to reopen on the merits, reasoning that the defective NTA did not implicate the immigration court's jurisdiction, and that because *Fernandes* generally requires a noncitizen to object to a defective NTA prior to the close of pleadings, Ramirez's objection was untimely.

The BIA did not abuse its discretion in denying Ramirez's motion to reopen. It is by now well-settled that a statutorily noncompliant NTA does not deprive the agency of jurisdiction to proceed.  *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188 (9th Cir. 2022) (en banc) (holding "that the failure of an NTA to include time and date information does not deprive the immigration court of subject matter jurisdiction"); *Matter of Arambula-Bravo*, 28 I. & N. Dec. 388, 391 (B.I.A. 2021) (rejecting jurisdictional argument); *see also Campos-Chaves v.*

*Garland*, 602 U.S. 447, 464–65 (2024) (upholding the validity of an in absentia removal order, even though the proceedings were initiated with a statutorily defective NTA). Nor did the BIA err in concluding that Ramirez's claim-processing argument, made for the first time in his 2022 Motion to Reopen, after he was issued a final order of removal, was untimely under both the holding and rationale of *Fernandes*.

*Fernandes* held that although the statutory requirements for an NTA are a mandatory claim-processing rule, such rules "are subject to waiver and forfeiture" if not timely raised, and it set forth a general rule that such objections should be made before the close of pleadings. 28 I. & N. Dec. at 609–10. The BIA reasoned that this guideline was helpful both to unrepresented noncitizens and to DHS, which would then have "an opportunity to remedy the noncompliant notice." *Id.* at 610. In his petition before us, Ramirez argues that his July 13, 2018 objection to his defective NTA, made solely on jurisdictional grounds, and after the close of pleadings, complied with *Fernandes*. But here, Ramirez did not raise an objection based on the mandatory claim-processing rule until more than two years after his proceedings before the agency were final, so the BIA properly regarded it as untimely.

Ramirez also argues that his July 2018 objection to the agency's jurisdiction was the functional equivalent of an objection to the claim-processing rule

violation, but it plainly was not. Ramirez could have argued before the IJ that even if the statutory NTA requirements were non-jurisdictional, DHS was nonetheless required to issue a statutorily compliant NTA to initiate proceedings.[2] Because he did not do so, he forfeited that argument.

Similarly, Ramirez's argument in his petition to our court that application of *Fernandes*'s timeliness principles to him would be "impermissibly retroactive" is unexhausted, as it was not raised to the BIA. Because the Government asserts non-exhaustion, we may not consider this argument. *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024).

**PETITION DENIED.**[3]

---

[2] Although, in his motion to reopen, Ramirez cites the "evolving case law" as a reason for not making this argument previously, the statute's requirements have existed since its enactment in 1997, and they have not changed. The argument has therefore always existed, even though it appears that neither the immigration bar, nor the courts, recognized it until much later.

[3] Ramirez's stay of removal (Dkt. No. 16) will expire upon the issuance of the mandate.